UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NATALIE BROWN,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　　　Defendant. | NO.  C15-1210-BHS-JPD<br><br><br>REPORT AND RECOMMENDATION |

Plaintiff Natalie Brown appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-33, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be REVERSED and REMANDED for further administrative proceedings.

I.　　FACTS AND PROCEDURAL HISTORY

Plaintiff is a 39-year-old woman with an associate's degree and additional college coursework. Administrative Record ("AR") at 51, 162. Her past work experience includes employment as a estimator, drafter, manufacturing designer, sales representative, office coordinator, and assistant manager of a video rental store. AR at 169. Plaintiff was last

REPORT AND RECOMMENDATION - 1

gainfully employed in May 2011. *Id*.

On November 7, 2012, she filed an application for DIB, alleging an onset date of May 8, 2011.[1] AR at 143-46. Plaintiff asserts that she is disabled due to post-traumatic stress disorder and panic attacks. AR at 161.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 95-97, 108-09. Plaintiff requested a hearing, which took place on February 13, 2014. AR at 30-69. On March 11, 2014, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on her finding that Plaintiff could perform a specific job existing in significant numbers in the national economy. AR at 10-24. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-5, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On July 30, 2015, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II.    JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.    STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to November 1, 2012. AR at 33.

REPORT AND RECOMMENDATION - 2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   EVALUATING DISABILITY

As the claimant, Ms. Brown bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *Id.* If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps. Step

REPORT AND RECOMMENDATION - 3

one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If she is, disability benefits are denied.  If she is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that she has one or more medically severe impairments, or combination of impairments, that limit her physical or mental ability to do basic work activities.  If the claimant does not have such impairments, she is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether she can still perform that work.  20 C.F.R. §§ 404.1520(f), 416.920(f).  If the claimant is able to perform her past relevant work, she is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience.  20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100.  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

be awarded.

## V. DECISION BELOW

On March 11, 2014, the ALJ issued a decision finding the following:

1. The claimant meets the insured status requirements of the Act through December 31, 2016.

2. The claimant has not engaged in substantial gainful activity since November 1, 2012, the amended alleged onset date.

3. The claimant's affective disorder not otherwise specified ("NOS"), anxiety disorder NOS, personality disorder NOS, and substance abuse are severe.

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

5. The claimant has the RFC to perform a full range of work at all exertional levels. She has sufficient concentration to understand, remember, and carry out simple and repetitive work in two-hour increments, throughout an eight-hour workday with usual and customary breaks. She can work in the same room with up to five coworkers, but cannot work in coordination with them. She can engage is superficial contact with her coworkers, such as greetings. She should not work with the general public, but can engage in superficial contact with the public (such as greetings). She can have occasional interaction with supervisors.

6. The claimant is unable to perform any past relevant work.

7. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

8. The claimant has not been under a disability, as defined in the Act, from November 1, 2012, through the date of the decision.

AR at 12-23.

## VI. ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in assessing medical opinion evidence; and

REPORT AND RECOMMENDATION - 5

2.  Whether the ALJ erred in discounting lay witness statements.

Dkt. 11 at 1.[3]

## VII.  DISCUSSION

A.  <u>The ALJ Erred in Assessing Medical Opinion Evidence Provided by Treating and Examining Psychologists.</u>

Plaintiff challenges the ALJ's assessment of opinions rendered by consulting psychologist John T. Lloyd, Ph.D., and treating psychologist Anne Leefeldt Kanters, Ph.D. Plaintiff also contends that the ALJ erred in assessing the opinions of State agency reviewing consultants. The Court will address each disputed opinion in turn.

1.  *Legal Standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes*, 881 F.2d at 751; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her

---

[3] Plaintiff's opening brief also lists a third assignment of error, but this assignment of error merely reiterates arguments raised in the first two assignments of error, and thus will not be addressed separately. Dkt. 11 at 1, 17-18.

conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996). Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

2.  *Dr. Kanters*

Dr. Kanters treated Plaintiff "off and on" between November 2004 and April 2013, and wrote a narrative report in February 2014 summarizing the treatment history, and concluding that she "obviously cannot work." AR at 381-84. The ALJ gave "minimal to no weight" to Dr. Kanters' opinion, for the following reasons:

REPORT AND RECOMMENDATION - 7

> Dr. Kanters' expressed basis for the claimant's psychological disability was that she displayed poor judgment and that her behavior became increasingly disorganized during her last treatment between July 2012 and August 2013. Dr. Kanters expressed that this decline in functioning was due in large part to a poor response to the antidepressant Wellbutrin, which the claimant had acquired from a friend rather than a medical treatment provider. Dr. Kanter[s] used this incident as an example of the claimant's poor judgment ([AR at 381-84]). The claimant's records, as previously discussed, indicate that the claimant has persisted with her ongoing metal artwork enterprise despite her erratic use of unprescribed psychoactive substances. Her claim, that she does not take prescribed medications because she is afraid of them is not convincing, given the claimant's willingness to obtain an experimental substance from Canada and take it regularly and to take a friend's medication. Statements to psychotherapists have repeatedly indicated that the claimant is successful in this enterprise, which she occasionally conducts without the assistance of others ([AR at 357-65]). Her longitudinal history otherwise indicates that she [has] maintained skilled employment in stressful work environments despite her current psychological impairments ([AR at 148-49, 169-80, 272-81]). In other words, the claimant's evidence of record does not indicate that her poor judgment and erratic use of psychoactive substances precludes her ability to persist at simple tasks within an environment with a limited degree of interpersonal interaction.

AR at 22. Plaintiff argues[4] that the ALJ erred in interpreting her work history to indicate that she had been able to maintain work "despite her current psychological impairments[,]" because as Dr. Kanters' opinion and other evidence indicates, her mental condition "sharply deteriorated in July 2012." Dkt. 11 at 7. She also argues that the ALJ erred in finding her artwork activities to be inconsistent with Dr. Kanters' opinion, because Dr. Kanters was aware of these activities and the activities are not actually inconsistent with Dr. Kanters' opinion. Dkt. 11 at 11-12.

The Court agrees with Plaintiff. Dr. Kanters did opine that Plaintiff's symptoms

---

[4] Plaintiff also challenges another finding purportedly included in the ALJ's decision, but this is unrelated to the ALJ's assessment of Dr. Kanters' opinion. Plaintiff argues that the ALJ erred in discrediting Ms. Brown based on her failure to heed Dr. Kanters' recommendation that she undergo a medication evaluation. Dkt. 11 at 10. Plaintiff cites no portion of the ALJ's decision in reference to this argument, and the ALJ did not rely on this reasoning to discredit Dr. Kanters' opinion. Thus, this argument is irrelevant to Plaintiff's assignment of error.

REPORT AND RECOMMENDATION - 8

worsened over the last year of their treatment relationship, and Dr. Kanters attributed the worsening symptoms to an exacerbation of an underlying bipolar disorder, triggered by the use of a non-prescribed medication. AR at 22, 383-84. Even if, as suggested by Dr. Kanters, a manic episode was triggered by Plaintiff's use of a non-prescribed medication, the episode persisted long after she had taken the medication and resulted in serious functional limitations, including a suicide attempt. The Commissioner's brief even acknowledges that Plaintiff's symptoms did worsen to at least some degree during that period, contrary to the ALJ's findings. Dkt. 12 at 7-8 (referencing Plaintiff's suicide attempts and threats to Dr. Kanters).

Plaintiff also argues that the ALJ's interpretation of the evidence related to her artwork is unreasonable, because her behavior at art shows indicates that she was not as successful as the ALJ found her to be. *See* AR at 22; Dkt. 13 at 4-5. The main source of information regarding Plaintiff's behavior at art shows is her mother's testimony, which the ALJ improperly discounted (as discussed *infra*). Accordingly, because the ALJ must reconsider Plaintiff's mother's statements on remand, the ALJ shall also reconsider on remand whether Plaintiff's behavior at art shows, as described therein, are consistent with Dr. Kanters' opinion.[5]

    3.    *Dr. Lloyd*

Dr. Lloyd examined Plaintiff in February 2013 and wrote a narrative report summarizing Plaintiff's symptoms and his own conclusions. AR at 334-38. Dr. Lloyd's medical source statement reads in its entirety:

---

[5] Although Plaintiff requests a remand for a finding of disability, the Court finds that this remedy is inappropriate under the circumstances of this case, where Plaintiff does not challenge the ALJ's adverse credibility determination. The conflicting evidence regarding the extent of Plaintiff's limitations indicates that further proceedings are necessary. *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014).

The Court does, however, find that reassigning this case to a different ALJ on remand is appropriate, to ensure a full and fair hearing for Plaintiff.

REPORT AND RECOMMENDATION - 9

> From a Psychological point of view, Ms. Brown would do well to have a task she could do that would help her to feel productive and independent. She would be successful in both simple and complex tasks. She would have a great deal of difficulty with any task requiring interpersonal interaction.

AR at 338. The ALJ gave some weight to the portion of Dr. Lloyd's opinion wherein he indicated that Plaintiff could complete simple and complex tasks, but rejected his opinion regarding social limitations, finding that Plaintiff could tolerate "a variety of social settings." AR at 19-20. The ALJ's RFC assessment specifically limited Plaintiff to working in the same room (but not in coordination) with up to five co-workers, but that she can have only superficial contact with co-workers or the general public. AR at 15. The ALJ also found Plaintiff capable of occasional interaction with supervisors. *Id*.

The Court finds the ALJ's discussion of Dr. Lloyd's opinion to be inadequate. The ALJ failed to discuss Dr. Lloyd's Global Assessment of Functioning score, and also failed to discuss Dr. Lloyd's opinion regarding Plaintiff's prognosis. On remand, the ALJ shall discuss all of Dr. Lloyd's opinions, including these portions.

    4.    *State Agency Opinions*

Plaintiff argues that the ALJ erred in relying on State agency opinions because they were rendered before Dr. Kanters' February 2014 opinion was written. Dkt. 11 at 14. Plaintiff does not explain why the timing of the State agency opinions divests the opinions of any probative value. While it may be true that the State agency opinions predate Dr. Kanters' opinion, the ALJ reviewed all of the evidence in the record at the time of her decision and Plaintiff has not identified any particular error in the ALJ's assessment of the State agency opinions. The ALJ may reconsider these opinions as necessary on remand.

B.    <u>The ALJ Erred in Discounting Plaintiff's Mother's Statements.</u>

Plaintiff's mother, Katherine Brown, wrote multiple statements describing Plaintiff's

REPORT AND RECOMMENDATION - 10

symptoms and limitations. AR at 181-88, 242-48, 347-51. The ALJ summarized Ms. Brown's statements and gave them minimal weight, because Plaintiff's work history and Ms. Brown's statements themselves indicated that Plaintiff's symptoms were present even when she was employed, and the records do not "indicate a drastic worsening of these impairments, despite the claimant's lack of prescribed psychiatric medication." AR at 20.

In order to determine whether a claimant is disabled, an ALJ may consider lay-witness sources, such as testimony from "non-medical" sources, such as spouses, parents, siblings, and friends. *See* 20 C.F.R. § 404.1513(d). Such testimony regarding a claimant's symptoms or how an impairment affects his/her ability to work is competent evidence, and cannot be disregarded without comment. *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993). If an ALJ chooses to discount testimony of a lay witness, he must provide "reasons that are germane to each witness," and may not simply categorically discredit the testimony. *Dodrill,* 12 F.3d at 919.

In this case, the ALJ failed to provide a germane reason to discount Ms. Brown's statements. Ms. Brown repeatedly suggested that Plaintiff's symptoms had been longstanding in duration, in existence during the period when she was working full-time. *See, e.g.*, AR at 181, 188, 242, 347-49. In the absence of evidence that a condition has worsened, a claimant's ability to work with a longstanding condition undermines an allegation of disability. *See Drouin v. Sullivan*, 966 F.2d 1255, 1258 (9th Cir. 1992); *Gregory v. Bowen*, 844 F.2d 664, 666-67 (9th Cir. 1988). As explained in the previous section, evidence shows that Plaintiff's symptoms did worsen after her alleged onset date, contrary to the ALJ's findings. Accordingly, Plaintiff's ability to work when less symptomatic does not undermine the veracity of Plaintiff's mother's statements. On remand, the ALJ shall reconsider Plaintiff's mother's statements.

REPORT AND RECOMMENDATION - 11

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and REMANDED for further administrative proceedings.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **February 9, 2016**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 12, 2016**.

This Report and Recommendation is not an appealable order.  Thus, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge acts on this Report and Recommendation.

DATED this 26th day of January, 2016.

JAMES P. DONOHUE
Chief United States Magistrate Judge